# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SAMAR AZAWI,
    Appellant,

   v.

DEPARTMENT OF VETERANS
 AFFAIRS,
    Agency.

DOCKET NUMBER
SF-1221-18-0148-W-1

DATE: February 23, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Samar Azawi</u>, Newport Beach, California, pro se.

<u>La'Chelle M. Woodert</u>, Esquire, Redlands, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed with no basis to equitably toll the deadline. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, FIND

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction over the IRA appeal, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

**BACKGROUND**

¶2      The appellant was employed as a GM-15 Physician Chief, Radiation Therapy, and is the former Chief of the Radiation Oncology Therapy Section at the agency's Long Beach, California facility. Initial Appeal File (IAF), Tab 1 at 8, Tab 12 at 35. Before filing the instant appeal, she filed a prior appeal stating that, based upon false accusations: the agency reduced her pay, grade, or band; denied her a within-grade increase; temporarily reassigned her; placed her into an absence without leave status; reprimanded her; and downgraded her annual appraisal in retaliation for her reports of patient safety practices, delays in patient care, clinical and nonclinical staff shortages, inappropriate use of funds, prohibited personnel practices, harassment, unfair treatment, and hostility, and her complaints to the Office of Special Counsel (OSC), the Office of Inspector General (OIG), and the Secretary of the agency (Secretary). *Azawi v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-16-0543-W-1, Initial Appeal File, Tab 1 at 2. On August 12, 2016, the administrative judge dismissed that appeal for lack of jurisdiction because he found that the appellant failed to nonfrivolously allege that she made a protected disclosure. *Azawi v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-16-0543-W-1, Initial Decision (Aug. 12, 2016). The Board affirmed the administrative judge's decision as modified to find also that the appellant failed to nonfrivolously allege that her disclosures to OIG, her complaint to OSC, and her report to the Secretary were contributing factors in any personnel action. *Azawi v. Department of Veterans Affairs*, MSPB Docket No. SF-1221-16-0543-W-1, Final Order (Feb. 3, 2023).

¶3      On March 13, 2017, the Medical Center's Chief of Staff issued a notice proposing to remove the appellant and revoke her clinical privileges on the basis of the following charges: (1) delaying patient care; (2) failing to provide

appropriate medical treatment; (3) entering inaccurate information in a medical record; (4) documenting in the medical record that treatment had been completed when it had not yet started; (5) delaying documentation; (6) plagiarizing notes in patient medical records; (7) being unavailable for patient care; and (8) acting in an unprofessional manner by contributing to a hostile work environment. IAF, Tab 1 at 8-19. On April 28, 2017, the Medical Center Director issued a decision imposing the appellant's removal, effective May 8, 2017. *Id*. at 20-22. On May 4, 2017, the appellant requested to retire on May 7, 2017, before the effective date of the removal decision. IAF, Tab 12 at 54. She retired effective May 7, 2017. *Id*. at 58-59.

¶4      The appellant filed an appeal with the agency's Disciplinary Appeals Board (DAB) on May 23, 2017. *Id*. at 67. The DAB found that the appellant did not demonstrate that her retirement was involuntary, and thus it did not have jurisdiction over her appeal. *Id*. at 63-64. The Acting Principal Deputy Under Secretary for Health executed the recommendation of the DAB.[2] *Id*. at 67-68.

¶5      The appellant filed a complaint with OSC in which she alleged that the agency threatened to remove her in retaliation for her disclosures and activities, including disclosures about improper staffing, the improper selection of a physician, and a possible case of inappropriate assigning of fee services to a friend. IAF, Tab 1 at 32-34. She also asserted that she filed a Board appeal and equal employment opportunity (EEO) complaints.[3] *Id*. at 32. Further, she argued

---

[2] Effective July 3, 1988, the appellant's appointment as a physician was converted to an excepted appointment. IAF, Tab 12 at 70; 38 U.S.C. § 4104(1) (1988); *see* Department of Veterans Affairs Health-Care Personnel Act of 1991, Pub. L. No. 102-40, § 401, 105 Stat. 187, 238 (striking out 38 U.S.C. § 4104(1) and inserting 38 U.S.C. § 7401(1) in lieu thereof). When, as here, the agency's action arises out of a question involving professional conduct or competence, an employee, such as the appellant, does not have Board appeal rights and instead may file an appeal with the DAB. 38 U.S.C. §§ 7401(1), 7425, 7462(a)(1).

[3] To the extent that the appellant is asserting retaliation for EEO activity, the Board lacks IRA jurisdiction over such matters unless the EEO activity sought to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). *See Bishop v. Department of*

that her retirement was coerced.[4]  *Id*. at 33.  OSC issued its proposed determination on August 1, 2017, and afforded the appellant 15 days to respond. *Id*. at 32-34.

¶6      On August 17, 2017, the appellant informed OSC that she did not receive its proposed determination letter until August 11, 2017, as the letter had been addressed to her attorney.  *Id*. at 37.  On August 22, 2017, she requested an opportunity to respond to the preliminary letter, and this request was granted.  *Id*. Despite the fact that the appellant had been granted an extension, on August 25, 2017, OSC made a final determination to close out the matter.  *Id*. at 36.  The appellant submitted a response on September 5, 2017.  *Id*. at 37.  In this response, she asserted that the agency retaliated against her when it retracted a report of malpractice and that agency employees wrongly accessed her medical records. *Id*.  OSC issued its close-out letter on September 29, 2017.  *Id*. at 37-39.

¶7      On October 23, 2017, the appellant emailed OSC, stating that, although she was informed that OSC letters were sent to her address, she did not see them. IAF, Tab 8 at 12.  In response, on October 24, 2017, OSC emailed the appellant copies of the aforementioned letters and informed her that she had 65 days from the date of its close-out letter to submit a Board appeal.  *Id*. at 8-9.

¶8      The appellant filed the instant appeal on December 17, 2017, and requested a hearing.  IAF, Tab 1.  The administrative judge dismissed the appeal without holding the appellant's requested hearing because he found that it was untimely

_____

*Agriculture*, 2022 MSPB 28, ¶ 16; *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶¶ 6-7 (2013).  There is no evidence or allegation that the appellant's EEO activity was intended to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8).

[4] The appellant also reasserted that the agency removed her from her duties and placed her under investigation in reprisal for her activities and disclosures.  IAF, Tab 1 at 32-33.  However, the issue of whether the Board has jurisdiction over these allegations was litigated in the appellant's prior appeal, and thus it is barred by collateral estoppel.  *See McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶¶ 15-20 (2005) (holding that the appellant was collaterally estopped from relitigating jurisdictional issues that were litigated in her earlier appeal).

filed and that the appellant did not establish that the time limit for filing the appeal should be tolled.  IAF, Tab 18, Initial Decision (ID) at 5-7.

¶9     The appellant has filed a petition for review, and the agency has responded in opposition to the petition.  Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

### The appellant timely filed her appeal.

¶10     The appellant challenges the administrative judge's finding that her appeal was untimely because she asserts that she first received notification of OSC's September 29, 2017 close-out letter on October 24, 2017.  PFR File, Tab 1 at 9. An appellant may file an IRA appeal with the Board once OSC closes its investigation into her complaint and no more than 60 days have elapsed since notification of the closure was provided to her.  5 U.S.C. § 1214(a)(3)(A); *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 6 (2014).  Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt.  *See Heimberger*, 121 M.S.P.R. 10, ¶ 6; 5 C.F.R. § 1209.5(a)(1). The appellant bears the burden of proving by preponderant evidence that she timely filed her appeal.[5]  *Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 8, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).

¶11     In the initial decision, the administrative judge found that the appellant was required to file her appeal by December 4, 2017, the first workday after 65 days elapsed from when OSC issued its September 29, 2017 letter.  ID at 5; IAF, Tab 1 at 39;  *see*  5 U.S.C.  § 1214(a)(3)(A);  5 C.F.R.  §§ 1201.23,  1209.5(a)(1). Accordingly, he found that, when she filed her appeal on December 17, 2017, it was 13 days late.  ID at 6; IAF, Tab 1.  Further, he found that, because OSC

[5] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

informed the appellant that her appeal was due 65 days after it issued the September 29, 2017 close-out letter, she did not allege circumstances warranting invocation of the doctrine of equitable tolling. ID at 6-7. We disagree because we find that the appellant proved that she filed her appeal within 60 days of when she was notified that OSC issued its close-out letter.

¶12 When, as here, the appellant asserts that she did not receive OSC's close–out letter within 5 days of its issuance, she must file the appeal within 60 days of receiving notification of OSC's close-out letter, even if she did not receive this notice via OSC's close-out letter as sent through regular mail. 5 C.F.R. § 1209.5(a)(1); *see Walsh v. Social Security Administration*, 93 M.S.P.R. 617, ¶ 6 (2003) (finding that, assuming the appellant received notification of OSC's close-out letter via telephonic contact, such contact could constitute notification under the Board's regulations). The appellant responded to the administrative judge's orders regarding jurisdiction and timeliness and asserted that her appeal was timely filed because she did not originally receive OSC's close-out letter. IAF, Tabs 2-3, Tab 8 at 7, 12. In doing so, she indicated on the online questionnaire that she was asserting facts from her personal knowledge and declared under penalty of perjury that the facts stated in her pleading were true and correct. IAF, Tab 8 at 3. In her response, the appellant stated that she contacted OSC on October 23, 2017, at which point she was told that OSC already had sent its close-out letter to her. *Id*. at 7. She further stated that she first received the close-out letter via email on October 24, 2017, and via regular mail at a later point. *Id*.

¶13 A declaration subscribed as true under penalty of perjury, if uncontested, proves the facts it asserts. *Woodall v. Federal Energy Regulatory Commission*, 30 M.S.P.R. 271, 273 (1986). The record does not contain evidence supporting a finding that the appellant did indeed receive the letter in September, and the appellant's statement that she did not actually receive it is uncontested. Accordingly, we find that the appellant has proven, through her sworn statement,

that she was not notified of the close-out letter until she contacted OSC on October 23, 2017. *See Gonzales v. Department of the Navy*, 99 M.S.P.R. 97, ¶ 9 (2005) (finding that, even if the appellant was deemed to have received notice of OSC's close-out letter through his representative, based upon the appellant's representative's affidavit, he did not receive the letter until less than 60 days before filing his appeal); *King v. Department of Health & Human Services*, 71 M.S.P.R. 22, 31 (1996) (finding that the appellant's statement that she did not receive OSC's close-out letter was sufficient to support a finding that she did not receive notice of it).

¶14    Having found that the appellant's sworn statement demonstrates that she was first notified of OSC's close-out letter on October 23, 2017, we find that her appeal was timely filed. Because the appellant was notified of OSC's close-out letter more than 5 days after its issuance, she was required to submit her appeal within 60 days of the date of this notice. 5 C.F.R. § 1209.5(a)(1). She submitted her appeal 55 days later, on December 17, 2017. IAF, Tab 1. Thus, we find that it was timely filed after she received notice of OSC's close-out letter.

The appellant nonfrivolously alleged that she made a protected disclosure that was a contributing factor in her proposed removal, the decision to remove her, and her alleged involuntary retirement, thus entitling her to a hearing.

¶15    Because we find that the appeal was timely filed, we must consider whether the appellant has established jurisdiction over her appeal. The appellant may establish jurisdiction over this IRA appeal if she demonstrates by preponderant evidence that she exhausted her administrative remedy before OSC[6] and makes nonfrivolous allegations[7] of the following: (1) she made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected

---

[6] It is undisputed that the appellant exhausted her administrative remedy. IAF, Tab 1 at 32-40.

[7] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).

whistleblowing activity under 5 U.S.C. §2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action. 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14; *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 7 (2016); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016); 5 C.F.R. § 1201.57(a)(1), (b), (c)(1); *see Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).[8] If an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1201.57(c)(4). An appellant is entitled to this hearing if she makes a nonfrivolous allegation that at least one protected disclosure was a contributing factor in the agency's decision to take, or fail to take, or threaten to take or fail to take, at least one personnel action. *See Fitzgerald v. Department of Agriculture*, 97 M.S.P.R. 181, ¶ 10 (2004).

¶16      For the reasons that follow, we find that the appellant has nonfrivolously alleged that she has made at least one protected disclosure that was a contributing factor to at least one covered personnel action. Accordingly, we find that she has established jurisdiction over this IRA appeal and is entitled to a hearing on the merits.[9] *See id.*

---

[8] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510, appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

[9] Because the appellant need only nonfrivolously allege that she made at least one protected disclosure that was a contributing factor to the agency's decision to take at least one personnel action to establish jurisdiction and entitlement to a hearing, we do not here address the appellant's other alleged protected disclosures and activity. On

*The appellant nonfrivolously alleged that she made a protected disclosure that employees improperly accessed her medical records.*

¶17     A protected whistleblowing disclosure is a disclosure of information that the appellant reasonably believes evidences any violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8); *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 7 (2016).    The proper test for determining whether an employee had a reasonable belief that her disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the disclosure evidenced one of the circumstances described in 5 U.S.C. § 2302(b)(8).    *Bradley*, 123 M.S.P.R. 547, ¶ 7.

¶18     On January 11, 2017, the appellant asserted that her medical records were inappropriately accessed by other agency employees.  IAF, Tab 9 at 8, 34.  On March 1, 2017, the Medical Center Director issued a letter stating that the Privacy Officer conducted an investigation and concluded that the appellant's medical records were accessed inappropriately, notifying her of the steps she could take to protect her identity, and apologizing for the inconvenience.  *Id*. at 8-9.  On appeal, she states that the inappropriate access constituted an act of retaliation by agency administrators.  *Id*. at 33-34.  Particularly considering that the agency's Privacy Officer found that employees improperly accessed the appellant's information, we find that the appellant, who is not an expert in privacy law, has made a nonfrivolous allegation that the agency violated her rights under relevant privacy laws, rules, and regulations.  *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 9 (2013) (finding that the appellant nonfrivolously alleged that she made a protected disclosure that the agency violated various

remand, the administrative judge shall address the other alleged protected disclosures and activity raised by the appellant before OSC and below.

laws, rules, and regulations governing scheduling practices, particularly when the agency appeared to have granted the appellant some relief in connection with her grievance regarding these practices).

> *The appellant nonfrivolously alleged that her disclosure was a contributing factor in the agency's decision to propose her removal and issue a removal decision, as well as in her alleged involuntary retirement.*

¶19    An appellant may meet her jurisdictional burden regarding the contributing factor element if she nonfrivolously alleges that the official who took or threatened the personnel action at issue knew of the protected whistleblowing disclosures or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosures or activity were a contributing factor in the personnel action. *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). The Board has found that personnel actions alleged to have begun within 1 to 2 years of the appellant's protected whistleblowing disclosures or activity satisfied the timing prong of this knowledge/timing test. *See, e.g.*, *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 20-22 (2015) (finding that the appellant proved that his August 2010 disclosures were a contributing factor in the agency's failure to give him a 40-hour time-off award in June 2012).

¶20    We find that the appellant has nonfrivolously alleged that her disclosure was a contributing factor in the agency's decision to propose her removal and issue a removal decision, as well as in her alleged involuntary retirement. She asserted that the agency issued a removal decision and that her retirement after the decision was involuntary. IAF, Tab 1 at 3, 5. The agency's proposal and issuance of the removal decision constitute personnel actions because an employee may pursue an appeal regarding a personnel action, such as a removal, even if the action was only proposed. 5 U.S.C. §§ 1221(a), 2302(a)(2)(A); *see Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶ 9 (2014). Further, the Board has held that an employee can pursue a claim of an involuntary

retirement or resignation as a personnel action in an IRA appeal. *See Mastrullo*, 123 M.S.P.R. 110, ¶ 10. We also find that the appellant has met her burden regarding knowledge of her disclosure because, in his role as the Medical Center Director, the deciding official issued a letter in response to the disclosure. IAF, Tab 9 at 8-9.

¶21    Last, we find that the appellant has met her burden regarding the timing prong of the knowledge/timing test. The appellant made her disclosure on January 11, 2017. *Id*. at 8. The agency proposed her removal on March 13, 2017, and issued its removal decision on April 28, 2017. IAF, Tab 1 at 8-22. The appellant retired effective May 7, 2017. IAF, Tab 12 at 54. Because all of these actions occurred less than 4 months after the appellant's disclosure, we find that she has nonfrivolously alleged that it was a contributing factor in the personnel actions at issue. *See Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 17 (2014) (finding that the appellant nonfrivolously alleged that his disclosure was a contributing factor in his reassignment when he asserted that the officials reassigning him were notified of his disclosure when a judge's decision mentioning the disclosure was published and that the reassignment was ordered within 4 months of the judge's decision).

¶22    As we conclude that the appellant has made a nonfrivolous allegation that she made at least one protected whistleblowing disclosure that was a contributing factor in the agency's decision to propose her removal and issue a removal decision, as well as in her alleged involuntary retirement, the Board has jurisdiction over this appeal, and the appellant is entitled to a hearing on the merits.[10] *See Salerno*, 123 M.S.P.R. 230, ¶ 14.

---

[10] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

**ORDER**

¶23     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                                  _/s/ for_____
                                                Jennifer Everling
                                                Acting Clerk of the Board

Washington, D.C.